# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00964-COA

JOHN CATHCART                                                                    APPELLANT

v.

KENNETH FAIRLY, INDIVIDUALLY, AND IN                          APPELLEES
HIS OFFICIAL CAPACITY AS JUSTICE
COURT JUDGE, AND JESSICA MASSEY,
INDIVIDUALLY, AND IN HER OFFICIAL
CAPACITY AS JUSTICE COURT CLERK

DATE OF JUDGMENT:              06/02/2016
TRIAL JUDGE:                        HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:   RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       GEORGE MCDOWELL YODER III
ATTORNEY FOR APPELLEES:       JASON EDWARD DARE
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                      AFFIRMED: 09/19/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

> **EN BANC.**
>
> **FAIR, J., FOR THE COURT:**

¶1.    John Cathcart, the alleged victim of a crime, seeks to collaterally attack a decision of the Rankin County Justice Court finding no probable cause to issue misdemeanor arrest warrants for the alleged perpetrators. The circuit court dismissed Cathcart's petitions for a writ of certiorari and mandamus. We find that Cathcart lacks standing to seek either remedy, and so we affirm.

## DISCUSSION

¶2.    Cathcart alleges that, when he attempted to attend a neighborhood association

meeting, two individuals bullied him and physically forced him to leave. He filed affidavits in the Rankin County Justice Court alleging that the two had committed simple assault. The justice court held a probable cause hearing, where Cathcart testified, and the justice court apparently found that there was no probable cause to issue arrest warrants. The disposition on the court abstract, however, reads only "no authority per Judge Fairley."

¶3. Cathcart was not pleased with this outcome. He proceeded to file what he styled a "Petition for writ of certiorari, and complaint for declaratory judgment, and petition for writ of mandamus" in the Rankin County Circuit Court. The petition presented various allegations of defects in the probable cause hearing, allegations of misconduct and bias by the justice court judge, and so on. It alleged that there was no final disposition of the justice court case, and it requested that the circuit court conduct a "trial de novo" on the question of probable cause and proceed with trying the cases as misdemeanors or binding them over to a grand jury to consider felony charges. In the alternative, the petition alleged that Cathcart was entitled to a writ of mandamus ordering the justice court judge and justice court clerk to "follow their respective oaths of office in this matter" and apparently to conduct another probable cause hearing.

¶4. The circuit court found that it "lacked jurisdiction" over the matter and dismissed the complaint without prejudice.

¶5. On appeal, both parties present various arguments concerning jurisdiction and procedure. But it is apparent to us that these issues are moot, as Cathcart lacks standing to

contest the justice court's disposition (or not) of the prosecution. Even though misdemeanor prosecutions may be initiated by the filing of an affidavit by a victim, it is axiomatic that the victim is not a party to the prosecution. The Mississippi Constitution, Article 6, Section 169, provides in relevant part that "all prosecutions shall be carried on in the name and by authority of the 'State of Mississippi.'" The Mississippi Code also explicitly provides that "[a] victim . . . does not have standing to participate as a party in a criminal proceeding or to contest the disposition of any charge." Miss. Code Ann. § 99-36-5(3) (Rev. 2015). The statute further provides that "[t]he rights of the victim do not include the authority to direct the prosecution of the case." Miss. Code Ann. § 99-43-17 (Rev. 2015). Other courts that have considered this issue have unanimously concluded that victims lack standing to contest the disposition of criminal cases. *See Cooper v. District Court*, 133 P.3d 692, 696-711 (Alaska Ct. App. 2006) ("[C]ourts from other states are unanimous in holding that a crime victim does not have the right to participate as an independent party in a criminal case.").

¶6.     **AFFIRMED.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**